IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-65,676-01, -02






EX PARTE JAMES LEE HEADRICK, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 0817877D & 0818137A IN THE 369
TH DISTRICT COURT


FROM TARRANT COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unlawful
possession of a firearm by a felon and possession with intent to deliver methamphetamine. He was
sentenced to twenty-five years' imprisonment for each conviction. He did not appeal his convictions.

 Applicant contends that his trial counsel rendered ineffective assistance because he advised
Applicant that his state sentences in these causes would run concurrently with a federal sentence. In
addition, Applicant contends that counsel advised him that he would be transferred to federal custody
after being sentenced in his state proceedings. 

 The trial court entered findings of fact and conclusions of law, recommending that relief be
denied. We believe, however, that the record is not sufficient to resolve Applicant's claims and that
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with another opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel specifically advised
Applicant that his state and federal sentences would run concurrently and that he would be
transferred to federal custody after being sentenced in his state proceedings. The trial court shall then
make findings as to whether counsel's performance was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues.
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: October 4, 2006

Do not publish